Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
P.O. Box 111                                                                                          Attorney for Plaintiff
Birchrunville, PA 19421
(610) 915-8351

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIEYANA A. BROOKS | : | CIVIL ACTION |
| Plaintiff | : | NO. |
| | : | |
| v. | : | |
| | : | |
| CRISTO REY PHILADELPHIA HIGH SCHOOL | : | Jury Trial Demanded |

### **COMPLAINT**

1. Plaintiff, Nieyana A. Brooks, is a white female and citizen of the United States residing therein at 409 Radcliffe Street, Bristo, PA 19132. She was born in 1965.

2. Defendant, Cristo Rey Philadelphia High School, is a private, independent high school located at 1717 West Allegheny Avenue, Philadelphia, PA 19132.

3. The causes of action set forth in this Complaint arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e) *et seq*., and the Philadelphia Fair Practices Ordinance ("PFPO"), as amended, The Philadelphia Code §9-1100 *et seq*.

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. Plaintiff was hired by Defendant on or about July 01, 2018, and during her

1

employment she worked as a Health and Fitness Teacher and Athletic Trainer.

7. On or about August 14, 2020, Plaintiff was furloughed due to budget issues related to COVID-19.

8. Plaintiff was recalled to work in February of 2021 and continued to work until May of 2021.

9. Plaintiff was contacted by Kyle Sample, Defendant's Athletic Director, and was told that she would be returning to work in the Fall of 2021 for the new school year.

10. Contrary to Mr. Sample's representations, Plaintiff received a voice message on September 14, 2021 indicating that her employment was terminated.

11. Around the same time that the decision was made to terminate Plaintiff's employment, Defendant hired a male, Chris Harris, to serve as Assistant Athletic Director,

12. Defendant did not post or announce an opening for the position of Assistant Athletic Director, and did not give Plaintiff an opportunity to apply for the position.

13. Unlike Plaintiff, Mr. Harris had not worked for Defendant in its Athletic Department.

14. On January 01, 2022 Plaintiff filed a charge of race and gender discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which charge was dual-filed with the Philadelphia Commission on Human Relations.

15. On September 13, 2023, the EEOC issued a dismissal notice and right to sue to Plaintiff on the above-referenced charge.

16. The termination of Plaintiff, and the hiring of Mr. Harris and the failure to give Plaintiff an opportunity to apply for the Assistant Director position, was motivated by Plaintiff's gender.

17.     As a direct and proximate result of Defendant's discriminatory and/or retaliatory actions, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT I – Title VII

18.     Plaintiff incorporates herein by reference paragraphs 1 through 17 above as if set forth herein in their entirety.

19.     Defendant, by the above discriminatory and wrongful acts, has violated Title VII.

20.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the injuries and losses set forth above.

## COUNT II – PFPO

21.     Plaintiff incorporates herein by reference Paragraphs 1 through 17 above as if set forth herein in their entirety.

22.      Defendant, by the above discriminatory and wrongful acts, has violated the PFPO.

23.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the losses set forth above.

24.     As a direct and proximate result of Defendant's violation of the WPCL, Plaintiff incurred lost earnings, attorneys' fees and costs.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)     Declaring Defendant's actions to be in violation of Title VII and/or the PFPO;

3

(b) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's retaliatory and discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(c) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(d) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(e) Awarding Plaintiff punitive or liquidated damages and such other damages as are appropriate under the Title VII and the PFPO; and,

(f) Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

_____/s/ Mark S. Scheffer_____
Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorney for Plaintiff